UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

------------------------------------------------------------------------x

Stacey Morgan

                    Plaintiff,                          Civil Action No:

**COMPLAINT**

**DEMAND FOR TRIAL
BY JURY**

     -against-

Trans Union, LLC,
Equifax Information Services, LLC,
Experian Information Solutions, Inc.,
CorTrust Bank,
The Bank of Missouri

                    Defendant(s).

------------------------------------------------------------------------x

## <u>COMPLAINT</u>

Plaintiff Stacey Morgan ("Plaintiff"), by and through his attorneys, and as for his

Complaint against Defendant Trans Union, LLC ("Trans Union"), Defendant Equifax

Information Services, LLC ("Equifax"), Defendant Experian Information Solutions, Inc.

("Experian") Defendant CorTrust Bank("CorTrust"), and Defendant The Bank of Missouri

("BoM") respectfully sets forth, complains, and alleges, upon information and belief, the

following:

### <u>JURISDICTION AND VENUE</u>

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15

        U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of Texas, County of Dallas, residing at 2826 Prosperity Avenue, Dallas TX, 75216.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Trans Union, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Trans Union is a Delaware corporation registered to do business in the State of Texas, and may be served with process upon Tran

7. At all times material here to Trans Union is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8. At all times material hereto, Trans Union disbursed such consumer reports to third parties under a contract for monetary compensation.

9. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered

to do business in the State of Texas, and may be served with process upon Corporation Service Company d/b/a CSC-Lawyers Inc. its registered agent for service of process at 211 East 7th Street, Suite 620, Austin, TX, 78701.

10. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

11. At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is an Ohio corporation registered to do business in the State of Texas, and may be served with process upon CT Corporation System, its registered agent for service of process at 1999 Bryan Street, Ste 900, Dallas, TX, 75201.

13. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

14. At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

15. Defendant CorTrust Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 100 East Havens

Street, Mitchell, South Dakota 57301.

16. Defendant Bank of Missouri is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 916 North Kings Highway, Perryville, Missouri 63775.

## FACTUAL ALLEGATIONS

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### CorTrust Bank Dispute and Violation

18. On information and belief, on a date better known to Defendants Trans Union, Equifax, and Experian (hereinafter "the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his CorTrust Bank account.

19. The inaccurate information furnished by Defendant CorTrust and published by the Bureaus is inaccurate since the account is still reporting with a past due balance, despite the fact it is charged off and closed.

20. This past due balance makes the account seems as if it is a current monthly liability still, despite the account being closed.

21. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

22. Plaintiff notified the Bureaus that he disputed the accuracy of the information the

Bureaus were reporting, on or around October 3, 2018.

23. It is believed and therefore averred that the Bureaus notified Defendant CorTrust of Plaintiff's dispute.

24. Upon receipt of the dispute of the account from the Plaintiff by the Bureaus, CorTrust failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed accounts.

25. Furthermore, Defendant CorTrust failed to mark the account as disputed despite receiving notice of the Plaintiff's dispute.

26. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

27. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

28. Furthermore, Defendant's Equifax and Transunion failed to send the Plaintiff a reply to his dispute, as required under the law.

29. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

30. As of the date of the filing of this Complaint, Defendant CorTrust continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

31. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

### Bank of Missouri Dispute and Violation

32. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to his BoM collection account.

33. The inaccurate information furnished by Defendant BoM and published by Defendant Equifax is falsely and inaccurately being reported, as it lists a failure to pay (late payment) notation after the account has already been closed out and transferred to another company.

34. Defendant Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

35. Plaintiff notified Defendant Equifax that he disputed the accuracy of the information Equifax was reporting, in a dispute letter sent on or around October 3, 2018.

36. It is believed and therefore averred that Defendant Equifax notified Defendant BoM of the Plaintiff's dispute.

37. Upon receipt of the dispute of the account from the Plaintiff by Equifax, BoM failed to conduct a reasonable investigation and continued to report false and inaccurate

adverse information on the consumer report of the Plaintiff with respect to the disputed account.

38. Furthermore, BoM failed to mark the account as disputed despite receiving the dispute letter from Plaintiff.

39. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the dispute account, Equifax did not evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

40. Equifax violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

41. Furthermore, Defendant Equifax failed to send the Plaintiff a reply to his dispute, as required under the law.

42. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

43. As of the date of the filing of this Complaint, Defendant BoM continues to furnish credit data which is inaccurate and materially misleading, and Equifax reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

44. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file.

### **FIRST CAUSE OF ACTION**
**(Willful Violation of the FCRA as to Trans Union)**

45. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully state herein with the same force and effect as if the same were set forth at length herein.

46. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

47. Trans Union violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Trans Union maintained concerning the Plaintiff.

48. Trans Union has willfully and recklessly failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h) The failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

49. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

50. The conduct, action and inaction of Trans Union was willful rendering Trans Union liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

51. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant, Trans Union, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Trans Union)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

53. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681

*et seq.,*

54. Trans Union violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

55. Trans Union has negligently failed to comply with the Act. The failure of Trans Union to comply with the Act include but are not necessarily limited to the following:

    a)  The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b)  The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c)  The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d)  The failure to promptly and adequately investigate information which Defendant Trans Union had notice was inaccurate;

    e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f)  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete;

h)  The failure to take adequate steps  to verify information Trans Union had

reason to believe was inaccurate before including it in the credit report of

the consumer.

56. As a result of the conduct, action and inaction of Trans Union, the Plaintiff suffered

damage by loss of credit, loss of ability to purchase and benefit from credit, and the

mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

57. The conduct, action and inaction of Trans Union was negligent, entitling the Plaintiff

to damages under 15 U.S.C. § 1681o.

58. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans

Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and

1681o.

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor

against Defendant, Trans Union, for damages together with attorney's fees and court costs

pursuant to 15 U.S.C. § 1681(n).


## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Equifax)

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully state herein with the same force and effect as if the same were set forth at

length herein.

60. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et

seq.*,

61. Equifax violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report

and credit files that Equifax maintained concerning the Plaintiff.

62. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

    f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

63. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage

by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

64. The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and or Jury pursuant to 15 U.S.C. § 1681(n).

65. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FOURTH CAUSE OF ACTION

**(Negligent Violation of the FCRA as to Equifax)**

66. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

67. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

68. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

69. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a)  The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

70. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

71. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

72. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## FIFTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Experian)

73. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

74. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

75. Experian violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning the Plaintiff.

76. Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which

Defendant Experian had notice was inaccurate;

e)   The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)   The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g)   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h)   The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

77. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

78. The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n).

79. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SIXTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Experian)

80. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

81. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

82. Experian violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

83. Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Experian had notice was inaccurate;

    e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h) The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

84. As a result of the conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

85. The conduct, action and inaction of Experian was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

86. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n) and 1681o.

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant, Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Defendant CorTrust)

87. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

88. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

89. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

90. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

91. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

92. The Defendant CorTrust violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

93. Additionally, CorTrust failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

94. As a result of the conduct, action and inaction of the Defendant CorTrust, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from the credit, and the mental and emotional pain, anguish, humiliation and embarrassment

of credit denials.

95. The conduct, action and inaction of Defendant CorTrust was willful, rendering Defendant CorTrust liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

96. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant CorTrust in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant CorTrust for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **EIGHTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Defendant CorTrust)**

97. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

98. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

99. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

100. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

101. The results of the investigation must be reported to the agency and, if the

investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

102.    Defendant CorTrust is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

103.    After receiving the Dispute Notice from the Bureaus, Defendant CorTrust negligently failed to conduct its reinvestigation in good faith.

104.    A reasonable investigation would require a furnisher such as Defendant CorTrust to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

105.    Additionally, the Defendant CorTrust failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

106.    The conduct, action and inaction of Defendant CorTrust was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

107.    As a result of the conduct, action and inaction of the Defendant CorTrust, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

108.    The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant CorTrust in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant CorTrust, for damages together with attorney's fees and court costs pursuant

to 15 U.S.C. § 1681(n).

## NINTH CAUSE OF ACTION

### (Willful Violation of the FCRA as to Defendant BoM)

109.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

110.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.,

111.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

112.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

113.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

114.     The Defendant BoM violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results

of an accurate investigation to the credit reporting agencies.

115.     Additionally, the Defendant BoM failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

116.     As a result of the conduct, action and inaction of the Defendant BoM, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

117.     The conduct, action and inaction of Defendant BoM was willful, rendering Defendant BoM liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1601(n).

118.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant BoM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n).

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant BoM for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## **TENTH CAUSE OF ACTION**

### **(Negligent Violation of the FCRA as to Defendant BoM)**

119.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

120.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*,

121.     Pursuant to the Act, all person who furnished information to reporting agencies

must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

122.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

123.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

124.     Defendant BoM is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

125.     After receiving the Dispute Notice from Equifax, Defendant BoM negligently failed to conduct its reinvestigation in good faith.

126.     A reasonable investigation would require a furnisher such as Defendant BoM to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

127.     Additionally, the Defendant BoM failed to mark the account as disputed after receiving notice of the Plaintiff's dispute.

128.     The conduct, action and inaction of Defendant BoM was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

129.     As a result of the conduct, action and inaction of the Defendant BoM, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit

from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

130.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant BoM in an amount to be determined by the Court pursuant to 15 U.S.C. § 1601(n) and 1681o.

WHEREFORE, Plaintiff, Stacey Morgan, an individual, demands judgment in his favor against Defendant BoM, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## DEMAND FOR TRIAL BY JURY

131.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)  For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. §1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g) For any such other and further relief, as well as further costs, expenses

and disbursements of this action as this Court may deem just and proper.


Dated:   April 30, 2020

Respectfully Submitted,

*/s/ Raphael Deutsch*
**Stein Saks, PLLC**
By:  Raphael Deutsch
285 Passaic Street
Hackensack, NJ 07601
Phone: (201) 282-6500
Fax: (201) 282-6501
Pending Pro Hac Vice Application